(76 App. Div. 582.)

## OLMSTEAD v. OLMSTEAD et al.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. JUDGMENT—RES JUDICATA—ONE DEFENDANT NOT CONCLUDED—EFFECT.

   Where plaintiff's right to the proceeds of a life policy as wife of the insured was res judicata as against one defendant, but not as against the other, and the evidence introduced by the latter showed that plaintiff was not the insured's wife, and was therefore not entitled to the fund, and, as between the two defendants, the one concluded by the judgment was entitled to it, the court could properly award the fund to the latter notwithstanding the judgment.

2. LIFE POLICY—BENEFICIARY—EVIDENCE—SUFFICIENCY.

   Evidence considered, and held to sustain a holding that defendant was not intended as the beneficiary of decedent's life policy, and that she was, therefore, not entitled to the proceeds thereof.

Appeal from special term, Erie county.

Action by Salina Olmstead, brought originally against the Locomotive Engineers' Mutual Life & Accident Insurance Association, in which Ella C. Olmstead was substituted as defendant, and in which, later, Gertrude Olmstead was also made a defendant. Judgment in favor of defendant Gertrude, and the other parties appeal. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Frank W. Saunders and Edward T. Durand, for appellants.
Bartlett, Baker & Horton, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The action was originally brought against the Locomotive Engineers' Mutual Life & Accident Insurance Association to recover upon a policy of insurance upon the life of James P. Olmstead. The policy was by its terms payable to "Mrs. J. P. Olmstead, wife, or his lawful heirs." The plaintiff claimed the fund as the wife of the insured at the time of his death, and brought this action. The defendant Ella C. also claimed the fund as the wife of the insured when he died, and thereupon the insurance association was allowed to pay the fund into court, and to have Ella C. substituted in the action as defendant in its place. Subsequently the defendant Gertrude claimed the fund as being the sister and only heir and next of kin of the insured, on the ground that neither the plaintiff nor Ella C. was the wife of the insured, and that he had no wife when he died; and then she was made a defendant in the case, also. On the trial the two women claiming to be the wives of the insured contested each other's claims, and gave evidence on these issues, by numerous witnesses. The sister, Gertrude, gave no evidence on these issues, except to make some proof of the laws of Pennsylvania. The court decided that neither the plaintiff nor the defendant Ella C. had established her claim to be

the wife of the insured at the time of his death; that he had no wife when he died, and his sister was entitled to the fund in suit. And judgment was entered upon this decision, awarding the fund to her. The plaintiff claims the sister, Gertrude, could not dispute her claim to be the wife of the deceased, by reason of a determination of that question by the surrogate upon an application by Gertrude for administration of the estate of the insured. Even if that is true, still the defendant Ella C. was not a party to that proceeding, and was not bound by the decree of the surrogate therein. She could contest the plaintiff's claim to be such wife, and she did contest it, and defeated the claim. The court had no power to find the plaintiff was a wife, when the defendant Ella C. disputed it on the merits, and satisfied the court the plaintiff was not such wife. We are not called upon to determine what the effect of the decree of the surrogate would have been in this case if Ella C. had not been a party here. She was and is a party, and had a right to try out this question as to the plaintiff's relation to the insured upon the merits, without regard to any question of res adjudicata between the plaintiff and the sister, Gertrude. She has done so, and the finding is against the plaintiff. Must that finding be set aside, and the fund awarded to the plaintiff, as against the sister, upon the theory of res adjudicata, because the defendant Ella C. has also failed in her claim to have been the wife of the insured, upon the dispute and contest of the plaintiff on the trial of this action? It seems to us not. This action, as it was tried, was one in equity, to ascertain which of these three parties was entitled to this fund. The association had surrendered the fund to the court, and no longer had any interest therein. The sister was only entitled to the fund in case it was found her brother was unmarried at the time of his death. She sat by while the two women claiming to be his wives fought out their respective claims, and convinced the court that neither of them was his wife. Upon that finding the fund could not be awarded to either of them. If neither was entitled to it, then, as a matter of course, it went to the sister, who was concededly the only heir and next of kin of the insured.

We do not think the decision of the court should be disturbed by reason of any technical rule of res adjudicata between the plaintiff and the defendant Gertrude. The question whether either of these women was the wife of the insured was one purely of fact. The trial court heard all the evidence, and saw the two women and the witnesses produced by them. We have ourselves examined the evidence as it is printed in the record, and we are not inclined to disagree with the trial judge in the result reached by him. A discussion of the evidence would not be useful here. We do not think the trial justice was in error in refusing to sustain the defendant Ella C.'s claim to the fund as the person intended as beneficiary, though not actually the wife of the insured. The evidence bearing upon that question was not satisfactory. The insured became a member of the association November 29, 1891, and was then living with the plaintiff. They separated in 1892. The association was organized in 1867, but was not incorporated until March 1, 1894.

The present certificate was issued November 28, 1894, and yet the pretended marriage of the insured to Ella C. was not until a year later,—December 8, 1895. Under these circumstances, it may well be doubted if the membership or present certificate was intended for the benefit of Ella C. They were expressed to be for a wife, and, if no wife, then his heirs; and the court very properly held the defendant Ella C. not entitled to the fund, having found she was not the wife of the insured.

There were some errors committed by the trial judge in the admission and rejection of evidence, but inasmuch as the action on trial was equitable in its nature, and the errors could not well have influenced the decision made, we think they do not require a reversal of the judgment. Substantial justice has been done, and we think the judgment should be affirmed, with costs. All concur.